ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
ROGER P. CROTEAU & ASSOCIATES, LTD.
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
(702) 228-7719 (facsimile)
croteaulaw@croteaulaw.com
*Attorney for Defendant*
**AIRMOTIVE INVESTMENTS, LLC**

☑ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 13 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

NATIONSTAR MORTGAGE LLC and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a government sponsored
enterprise,

    Plaintiff,

vs.

TYROLIAN VILLAGE ASSOCIATION, INC.;
AND AIRMOTIVE INVESTMENTS LLC,

    Defendants.

Case No.  3:17-cv-00250-LRH-VPC

## STIPULATION FOR LEAVE TO FILE COUNTERCLAIM

COMES NOW Plaintiff, NATIONSTAR MORTGAGE LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION; and Defendants, AIRMOTIVE INVESTMENTS, LLC (*"Airmotive"*) and TYROLIAN VILLAGE ASSOCIATION, INC., by and through their undersigned counsel, and hereby stipulate and agree as follows:

1. On April 24, 2017, Plaintiff filed the instant Complaint. [ECF #1]. Plaintiff thereafter filed a First Amended Complaint on May 11, 2017. [ECF #13].

2. On May 19, 2017, Airmotive filed its Answer to the First Amended Complaint. [ECF #14].

3. During the course of preparing its and serving its initial disclosures, Airmotive's counsel discovered facts that it believes give rise to a Counterclaim herein.

4. Airmotive shall have leave to file the Counterclaim attached hereto as Exhibit 1.

5. This Stipulation is made in good faith and not for purpose of delay.

Dated this ____12th____ day of July, 2017.

| ROGER P. CROTEAU & ASSOCIATES, LTD. | GORDON & REES LLP |
|---|---|
| /s/ *Timothy E. Rhoda* <br> TIMOTHY E. RHODA, ESQ. <br> Nevada Bar No. 7878 <br> 9120 West Post Road, Suite 100 <br> Las Vegas, Nevada 89148 <br> (702) 254-7775 <br> croteaulaw@croteaulaw.com <br> *Attorney for Defendant* <br> *Airmotive Investments, LLC* | /s/ *Robert S. Larsen* <br> ROBERT S. LARSEN <br> Nevada Bar No. 7785 <br> 300 South Fourth Street <br> Suite 1500 <br> Las Vegas, NV 89101 <br> 702-577-9300 <br> 702-255-2858 (fax) <br> rlarsen@gordonrees.com <br> *Attorney for Defendant* <br> *Tyrolian Village Association, Inc.* |

AKERMAN, LLP

/s/ *Rex Garner*
REX GARNER, ESQ.
Nevada Bar No. 9401
1160 Town Center Drive, Ste. 330
Las Vegas, NV 89144
rex.garner@akerman.com
*Attorney for Plaintiffs*
*Nationstar Mortgage, LLC and Federal National Mortgage Association*

IT IS SO ORDERED.

By: _____
~~Judge, U.S. District Court~~ U.S. Magistrate Judge

Dated: July 13, 2017

1364 Carinthia

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ____12th____ day of July, 2017, I served via the United States District Court CM/ECF electronic filing system, the foregoing **STIPULATION FOR LEAVE TO FILE COUNTERCLAIM** to the following parties:

| | |
|---|---|
| Rex Garner<br>Akerman LLP<br>1160 Town Center Drive, Ste. 330<br>Las Vegas, NV 89144<br>rex.garner@akerman.com<br>*Attorney for Plaintiffs*<br>*Nationstar Mortgage, LLC and*<br>*Federal National Mortgage*<br>*Association* | Robert S. Larsen<br>Gordon & Rees LLP<br>300 South Fourth Street<br>Suite 1500<br>Las Vegas, NV 89101<br>702-577-9300<br>702-255-2858 (fax)<br>rlarsen@gordonrees.com<br>*Attorney for Defendant*<br>*Tyrolian Village Association, Inc.* |
| Melanie D Morgan<br>Akerman LLP<br>1160 Town Center Drive, Suite 330<br>Las Vegas, NV 89144<br>(702)634-5005<br>(702) 380-8572 (fax)<br>melanie.morgan@akerman.com<br>*Attorney for Plaintiffs*<br>*Nationstar Mortgage, LLC and*<br>*Federal National Mortgage*<br>*Association* | Rachel L. Wise<br>Gordon & Rees LLP<br>300 South Fourth Street<br>Suite 1550<br>Las Vegas, NV 89101<br>705-577-9304<br>702-255-2858 (fax)<br>rwise@grsm.com<br>*Attorney for Defendant*<br>*Tyrolian Village Association, Inc.* |

/s/ *Timothy E. Rhoda*
An employee of ROGER P. CROTEAU & ASSOCIATES, LTD.

# EXHIBIT 1

# EXHIBIT 1

ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
ROGER P. CROTEAU & ASSOCIATES, LTD.
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
(702) 228-7719 (facsimile)
croteaulaw@croteaulaw.com
*Attorney for Defendant*
**AIRMOTIVE INVESTMENTS, LLC**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION, a government sponsored enterprise,<br><br>                    Plaintiff,<br>vs.<br><br>TYROLIAN VILLAGE ASSOCIATION, INC.; AND AIRMOTIVE INVESTMENTS LLC,<br><br>                    Defendants. | Case No.   3:17-cv-00250-LRH-VPC<br><br>**COUNTERCLAIM** |
| AIRMOTIVE INVESTMENTS, LLC, a Nevada limited liability company,<br><br>                    Counterclaimant,<br>vs.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federally chartered corporation; DOUGLAS M. BRIMM, individually and as Trustee of the BRIMM FAMILY TRUST; GLORIA S. BRIMM, individually and as Trustee of the BRIMM FAMILY TRUST; DOE individuals I through XX; and ROE CORPORATIONS I through XX,<br><br>                    Counter-Defendants. | |

1364 Carinthia

## COUNTERCLAIM

COMES NOW, Defendant, AIRMOTIVE INVESTMENTS, LLC, by and through its attorneys, ROGER P. CROTEAU & ASSOCIATES, LTD., and hereby complains and alleges as follows:

## PARTIES

1. At all times relevant to this matter, Counterclaimant, AIRMOTIVE INVESTMENTS, LLC, was and is a Nevada limited liability company, authorized to do business and doing business in the County of Washoe, State of Nevada.

2. Upon information and belief, at all times relevant to this matter, Counter-Defendant, DOUGLAS M. BRIMM, was and is an individual and resident of the County of Washoe, State of Nevada, and a Trustee of the BRIMM FAMILY TRUST.

3. Upon information and belief, at all times relevant to this matter, Counter-Defendant, GLORIA S. BRIMM, was and is an individual and resident of the County of Washoe, State of Nevada, and a Trustee of the BRIMM FAMILY TRUST.

4. Upon information and belief, at all times relevant to this matter, Counter-Defendant, NATIONSTAR MORTGAGE LLC (*"Nationstar"*), was and is a Delaware limited liability company, authorized to do business and doing business in the County of Washoe, State of Nevada.

5. Upon information and belief, at all times relevant to this matter, Counter-Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION (*"Fannie Mae"*), was and is a federally chartered corporation, authorized to do business and doing business in the County of Washoe, State of Nevada.

6. Counterclaimant is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Counter-Defendants DOES I through X and ROE Corporations I through X, inclusive, and therefore sues these Counter-Defendants by such fictitious names. Counterclaimant is informed and believes and thereupon alleges that the Counter-Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Counterclaim. Counterclaimant will

ROGER P. CROTEAU & ASSOCIATES, LTD.
• 9120 W. Post Road, Suite 100 • Las Vegas, Nevada 89148 •
Telephone: (702) 254-7775 • Facsimile (702) 228-7719

1364 Carinthia

seek leave of this Court to amend this Counterclaim to allege the true names and capacities of the DOES and ROE CORPORATIONS Counter-Defendants when the true names of the DOES and ROE CORPORATIONS Counter-Defendants are ascertained.

## GENERAL ALLEGATIONS

7. Counterclaimant repeats and realleges each and every allegation contained in paragraphs 1 through 6 hereof as if set forth fully herein.

8. Prior to the facts and circumstances alleged herein, a Declaration was recorded in the Office of the Recorder of Washoe County, thereby creating Tyrolian Village Association, Inc. (*the "HOA"*) and perfecting a lien in favor of the HOA on all real property located within the common interest community it governed, including but not limited to that real property commonly known as 1364 Carinthia Court, Incline Village Nevada 89451, Assessor Parcel No. 126-430-13 (*the "Property"*).

9. The lien having been recorded prior to any other liens is first in right and first in time as to all other interests recorded after the Declaration with the exception of liens for real estate taxes and other governmental assessments.

10. N.R.S. Chapter 116 provides that the lien perfected by the Declaration is subordinate to a "first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent."

11. While this statutory subordination applies to the majority of the lien perfected by the Declaration, pursuant to N.R.S. 116.3116(2)(c), it does not subordinate the lien to two specific charges incurred under it.

12. The charges which are specifically NOT subordinated to the first security interest include: (1) any charges incurred by the association on a unit pursuant to NRS 116.310312 and; (2) that portion of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien.

13. On or about June 24, 2004, Counter-Defendant, GLORIA S. BRIMM (*together with*

Counter-Defendant, Douglas M. Brimm, the *"Former Owners"*), acquired title to and ownership of the Property.

14. Between approximately June 24, 2004, and July 3, 2014, Former Owners held title to and ownership of the Property either jointly, in an individual capacity or by and through a trust.

15. Upon information and belief, Former Owners obtained one or more mortgages and/or lines of credit secured by the Property.

16. On July 29, 2004, a deed of trust was recorded against the Property in the Office of the Recorder of Washoe County, Nevada, as Instrument No. 3076007 (*"First Deed of Trust"*).

17. Upon information and belief, Nationstar became the holder and/or owner of the First Deed of Trust by way of an Assignment recorded in the Office of the Recorder of Washoe County, Nevada on January 22, 2013, as Instrument No. 4197052.

18. Former Owner may claim an interest in the Property.

19. Nationstar and/or Fannie Mae may claim a beneficial interest in the First Deed of Trust and, as such, claim an interest in the Property.

20. The Property is and was subject to certain Covenants, Conditions and Restrictions (*"CC&Rs"*) of HOA.

21. By virtue of their ownership of the Property, Former Owners were members of the HOA and accordingly were obligated to pay HOA assessments pursuant to the terms of the CC&Rs.

22. At some point in time during their ownership of the Property, Former Owners failed to pay the HOA assessments related to the Property.

23. As a result of the failure of Former Owners to pay the HOA assessments, HOA recorded a Notice of Delinquent Assessment Lien (*"HOA Lien"*) with the Office of the Recorder of Washoe County, Nevada.

24. Thereafter, HOA recorded a Notice of Default and Election to Sell with the Office of the Recorder of Clark County, Nevada.

ROGER P. CROTEAU & ASSOCIATES, LTD.
• 9120 W. Post Road, Suite 100 • Las Vegas, Nevada 89148 •
Telephone: (702) 254-7775 •Facsimile (702) 228-7719

1364 Carinthia

25. The Notice of Default and Election to Sell was served upon the Former Owners, as well as all interested parties holding a security interest in the Property.

26. After the expiration of 90 days from the recording and mailing of the Notice of Default and Election to Sell, HOA caused a Notice of Trustee's Sale to be recorded with Office of the Washoe County Recorder.

27. The Notice of Trustee's Sale was served on the Former Owners, as well as all interested parties holding a security interest in the Property.

28. On or about July 3, 2014, HOA caused a foreclosure sale (*"HOA Foreclosure Sale"*) to be carried out pursuant to the powers conferred by the Nevada Revised Statutes 116.3116, 116.31162, 116.31163 and 116.31164; the CC&Rs; the Notice of Delinquent Assessment Lien; and the Notice of Default and Election to Sell.

29. TBR I, LLC purchased the Property for $41,000.00 by successfully bidding at the HOA Foreclosure Sale in accordance with N.R.S. 116.3116, *et seq*.

30. On July 8, 2014, a Foreclosure Deed (*"HOA Foreclosure Deed"*) was recorded in the Official Records of the Washoe County Recorder as Instrument No. 4370110, vesting title to the Property in the name of TBR I, LLC.

31. The HOA Foreclosure Sale complied with all requirements of law, including but not limited to, the recording and mailing of copies of the Notice of Delinquent Assessment and Notice of Default, and the recording, posting and publication of the Notice of Sale.

32. Upon information and belief, the Counter-Defendants and/or their predecessors-in-interest had actual and/or constructive notice of the HOA foreclosure proceedings.

33. N.R.S. 116.3116(2) provides that an HOA Lien has priority over all other liens and encumbrances except:

(a) Liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to;
(b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent; and
(c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

1364 Carinthia

34. N.R.S. 116.3116(2) further provides that a portion of the HOA Lien has priority over even a first security interest in the Property, stating as follows:

> The lien is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]

35. The HOA incurred charges within the nine (9) months immediately preceding the initiation of the HOA foreclosure action that constituted super priority amounts.

36. No party still claiming an interest in the Property recorded a lien or encumbrance prior to the Declaration creating the HOA.

37. TBR I, LLC's bid at the HOA Foreclosure Sale was equal to or in excess of the amount necessary to satisfy the costs of sale and the super-priority portion of the HOA Lien.

38. Upon information and belief, the HOA or its agent distributed or should have distributed any excess funds to lien holders in order of priority pursuant to N.R.S. 116.3114(c).

39. Upon information and belief, Counter-Defendants had actual and/or constructive notice of the requirement to pay assessments to the HOA and of the HOA Lien.

40. Prior to the HOA Foreclosure Sale, the First Deed of Trust had not been assigned to the Secretary of Housing and Urban Development (*"HUD"*), Fannie Mae, the Federal Home Loan Mortgage Corporation (*"Freddie Mac"*) or any governmental agency or instrumentality.

41. At the time of the HOA Foreclosure Sale, neither the United States nor any of its agencies or instrumentalities possessed any interest in the First Deed of Trust or the Property.

42. Upon information and belief, prior to the HOA Foreclosure Sale, no individual or entity paid the full amount of delinquent assessments described in the Notice of Default.

43. Upon information and belief, prior to the HOA Foreclosure Sale, no individual or entity paid the super-priority portion of the delinquent assessments described in the Notice of Default.

44. Upon information and belief, Counter-Defendants had actual and/or constructive notice

1364 Carinthia

of the super-priority portion of the HOA Lien.

45. Upon information and belief, Former Owners knew or should have known that their ownership interest would be extinguished through foreclosure if they failed to satisfy the HOA Lien.

46. Upon information and belief, Nationstar, Fannie Mae and/or their predecessors-in-interest knew or should have known that any security interest that they may have possessed pursuant to the First Deed of Trust would be extinguished through foreclosure if they failed to cure the super-priority portion of the HOA Lien representing nine (9) months of assessments for common expenses based upon the periodic budget adopted by the HOA which would have become due in the absence of acceleration for the relevant time period.

47. Pursuant to N.R.S. 116.31166, the HOA Foreclosure Sale vested title in TBR I, LLC "without equity or right of redemption."

48. Pursuant to N.R.S. 116.31166, the HOA Foreclosure Deed is conclusive against the Property's "former owner, his or her heirs and assigns, and all other persons."

49. Former Owners' ownership interest in the Property was extinguished by the foreclosure of the HOA Lien.

50. The security interest in the Property of Nationstar, Fannie Mae, and/or their predecessors-in-interest, if any, was extinguished by the foreclosure of the HOA Lien and the First Deed of Trust was rendered null, void and unenforceable.

51. Any and all other existing security interests in the Property, if any, were likewise extinguished by the foreclosure of the HOA Lien and rendered null, void and unenforceable.

52. By virtue of its purchase of the Property at the HOA Foreclosure Sale, TBR I, LLC became the sole owner of all right, title and interest in the Property free and clear of any encumbrances of the Counter-Defendants.

53. On or about September 8, 2014, Nationstar caused a Notice of Default and Election to Sell Under Deed of Trust (*"Bank Notice of Default"*) to be recorded in the Office of the Recorder of Washoe County, Nevada, as Instrument No. 4389962.

54. The Bank Notice of Default included an Affidavit of Authority to Exercise the Power of Sale executed by an employee of Nationstar which represented, among other things, that Nationstar was at that time the current holder, beneficiary and servicer of the obligation or debt secured by the First Deed of Trust.

55. Upon information and belief, Nationstar remains the current servicer of the First Deed of Trust pursuant to a Request for Notice recorded in the Office of the Recorder of Washoe County, Nevada on March 10, 2015, as Instrument No. 4444520.

56. On February 26, 2016, TBR I, LLC transferred and sold the Property to Counterclaimant in exchange for good and valuable consideration in the amount of $258,000.00 by way of a Quitclaim Deed recorded in the Office of the Washoe County Recorder on February 29, 2016, as Instrument No. 4565086.

57. In the matter of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408, 2014 WL 4656471 (Adv. Op. No. 75, Sept. 18, 2014), the Nevada Supreme Court resolved a split that previously existed in the state and federal courts of the State of Nevada regarding the force, effect and interpretation of N.R.S. §116.3116.

58. In doing so, the Nevada Supreme Court clarified that the statute provides a homeowners association a true super-priority lien over real property that can and does extinguish a first deed of trust when non-judicially foreclosed. *Id.*

59. In *SFR Investments*, the Nevada Supreme Court also recognized that a foreclosure deed "reciting compliance with notice provisions of NRS 116.31162 through NRS 116.31168 'is conclusive' as to the recitals 'against the unit's former owner, his or her heirs and assigns and all other persons.'" *See id.* at 3 (citing NRS 116.3116(2)).

60. Moreover, under Nevada law, the Association foreclosure sale and the resulting foreclosure deed are both <u>presumed valid</u>. NRS 47.250(16)-(18) (stating that disputable presumptions exist "that the law has been obeyed"; "that a trustee or other person, whose duty it was to convey real property to a particular person, has actually conveyed to that person, when such presumption is necessary to perfect the title of such person or a successor in interest"; "that private transactions have been fair and regular"; and "that the

1364 Carinthia

ordinary course of business has been followed.").

# FIRST CAUSE OF ACTION

### (Quiet Title/Declaratory Relief against all Counter-Defendants)

61. Counterclaimant repeats and realleges each and every allegation contained in paragraphs 1 through 60 hereof as if set forth fully herein.

62. TBR I, LLC properly acquired title and ownership of the Property at the HOA Foreclosure Sale

63. By virtue of its purchase of the Property at the HOA Foreclosure Sale, TBR I, LLC became the sole owner of all right, title and interest in the Property free and clear of any encumbrances of the Counter-Defendants.

64. TBR I, LLC subsequently transferred and sold the Property to Counterclaimant for good and valuable consideration totaling $258,000.00.

65. Former Owners may claim an ownership interest in the Property.

66. Nationstar and/or Fannie Mae may claim a beneficial interest in the First Deed of Trust and, as such, claim an interest in the Property.

67. A justiciable controversy exists regarding the right, title and interest held by Counterclaimant and Counter-Defendants in the Property.

68. The interests of Counterclaimant and Counter-Defendants are adverse in this justiciable controversy.

69. The Counterclaimant has a legally protectible interest in the Property.

70. The controversy between Counterclaimant and Counter-Defendants is ripe for judicial determination.

71. This Court should enter an Order which determines all and every claim, estate or interest of the parties in the Property.

72. The Counterclaimant is entitled to a declaratory judgment finding that: (1) Counterclaimant is the title owner of the Property; (2) the HOA Foreclosure Deed is valid and enforceable; (3) the HOA Foreclosure Sale extinguished the applicable Counter-Defendants' ownership and security interests in the Property as a matter of law; (4)

ROGER P. CROTEAU & ASSOCIATES, LTD.
• 9120 W. Post Road, Suite 100 • Las Vegas, Nevada 89148 •
Telephone: (702) 254-7775 • Facsimile (702) 228-7719

1364 Carinthia

| | |
|---|---|
| | Counterclaimants' rights and interest in the Property are superior to any interest claimed by the Counter-Defendants. |
| 73. | Title to the Property should be quieted solely in the name of Counterclaimant. |
| 74. | As a direct and proximate result of the actions of the Counter-Defendants, it has become necessary for Counterclaimant to retain the services of an attorney to protect its rights and prosecute this Claim. |
| 75. | Counterclaimant reserves the right to amend this Complaint under the Federal Rules of Civil Procedure as further facts become known. |

## SECOND CAUSE OF ACTION

**(Negligent or, Alternatively, Intentional Misrepresentation against Nationstar)**

76. Counterclaimant repeats and realleges each and every allegation contained in paragraphs 1 through 75 hereof as if set forth fully herein.

77. The Bank Notice of Default was recorded on September 8, 2014, over 2 months after the HOA Foreclosure Sale took place on July 3, 2014.

78. Pursuant to the Bank Notice of Default, Nationstar represented to the Counterclaimant and the public at large, among other things, that Nationstar was at that time the current holder, beneficiary and servicer of the obligation or debt secured by the First Deed of Trust.

79. The Bank Notice of Default does not indicate that Fannie Mae possessed any interest whatsoever in the First Deed of Trust at any point in time.

80. On January 3, 2017, Nationstar caused a second Corporate Assignment of Deed of Trust to be recorded in the Office of the Recorder of Washoe County, Nevada, as Instrument No. 4667144, indicating that Nationstar is the holder of the First Deed of Trust "together with all interest secured thereby, all liens, and any rights due or to become due thereon."

81. No document existing in the recorded chain of title indicates that Fannie Mae ever possessed any interest in the First Deed of Trust.

82. On or about February 26, 2016, Counterclaimant purchased the Property from TBR I, LLC for valuable consideration totaling $258,000.00.

1364 Carinthia

83. Counterclaimant relied upon the representations of Nationstar contained in the Bank Notice of Default at the time that it purchased the Property from TBR I, LLC.

84. By way of this action, Fannie Mae has alleged that it was, in fact, the holder or beneficiary of the First Deed of Trust and the associated loan at the time of the HOA Foreclosure Sale and that the First Deed of Trust could therefore not have been extinguished by operation of law.

85. To the extent that Fannie Mae was the current holder or beneficiary of the obligation or debt secured by the First Deed of Trust at the time of the HOA Foreclosure Sale, the representations of Nationstar contained in the Bank Notice of Default were false.

86. Nationstar knew or should have known who the current holder, beneficiary and servicer of the obligation or debt secured by the First Deed of Trust was at the time that it caused the Bank Notice of Default to be recorded.

87. Nationstar knew or should have known that individuals and entities such as the Counterclaimant would rely upon its representations.

88. The representations contained in the Bank Notice of Default were made under penalty of perjury.

89. Nationstar is responsible for the actions and inactions of its employees of agents.

90. To the extent that the representations contained in the Bank Notice of Default were false, Nationstar acted with conscious disregard for the rights of the Counterclaimant and public at large.

91. The actions of the Counter-Defendant were done with the intent to cause Counterclaimant harm, or in conscious disregard for its rights, or were done with conscious disregard for the consequences of its actions, and were therefore done with either express or implied malice.

92. As a direct and proximate result of the actions of the Counter-Defendants, it has become necessary for Counterclaimant to retain the services of an attorney to protect its rights and prosecute this Claim.

93. Counterclaimant reserves the right to amend this Complaint under the Federal Rules of

1364 Carinthia

Civil Procedure as further facts become known.

WHEREFORE, Counterclaimant, AIRMOTIVE INVESTMENTS, LLC, prays for judgment as follows:

A. On its First Cause of Action, for an Order which determines all and every claim, estate or interest of the parties in the Property, finding that: (1) Counterclaimant is the title owner of the Property; (2) the HOA Foreclosure Deed is valid and enforceable; (3) the HOA Foreclosure Sale extinguished the applicable Counter-Defendants' ownership and security interests in the Property; (4) Counterclaimant's rights and interest in the Property are superior to any interest claimed by the Counter-Defendants.

B. On its Second Cause of Action, for general and special damages in excess of Ten Thousand Dollars ($10,000.00) and for exemplary or punitive damages in an amount sufficient to deter the Counter-Defendant and others from engaging in similar conduct, said amount to adequately express social outrage over the Counter-Defendant's wrongful actions;

C. For costs and attorneys' fees incurred in bringing this action; and

D. For such other and further relief as this Court may deem meet and proper.

DATED this _____ day of July, 2017.

ROGER P. CROTEAU & ASSOCIATES, LTD.

/s/ _____
ROGER P. CROTEAU, ESQ.
Nevada State Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
*Attorney for Defendant*
**AIRMOTIVE INVESTMENTS, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of July, 2017, I served via the United States District Court CM/ECF electronic filing system, the foregoing **COUNTERCLAIM** to the following parties:

Rex Garner
Akerman LLP
1160 Town Center Drive, Ste. 330
Las Vegas, NV 89144
rex.garner@akerman.com
*Attorney for Plaintiffs*
*Nationstar Mortgage, LLC and*
*Federal National Mortgage*
*Association*

Melanie D Morgan
Akerman LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
(702)634-5005
(702) 380-8572 (fax)
melanie.morgan@akerman.com
*Attorney for Plaintiffs*
*Nationstar Mortgage, LLC and*
*Federal National Mortgage*
*Association*

Robert S. Larsen
Gordon & Rees LLP
300 South Fourth Street
Suite 1500
Las Vegas, NV 89101
702-577-9300
702-255-2858 (fax)
rlarsen@gordonrees.com
*Attorney for Defendant*
*Tyrolian Village Association, Inc.*

Rachel L. Wise
Gordon & Rees LLP
300 South Fourth Street
Suite 1550
Las Vegas, NV 89101
705-577-9304
702-255-2858 (fax)
rwise@grsm.com
*Attorney for Defendant*
*Tyrolian Village Association, Inc.*

/s/ _____
An employee of ROGER P. CROTEAU &
ASSOCIATES, LTD.

1364 Carinthia