UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>TYROLIAN VILLAGE ASSOCIATION, INC., and AIRMOTIVE INVESTMENTS LLC,<br><br>Defendants. | Case No. 3:17-cv-00250-LRH-VPC<br><br>ORDER |
| AIRMOTIVE INVESTMENTS LLC,<br><br>Counterclaimant,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Counter-Defendants. | |

This matter centers on a nonjudicial foreclosure sale. The foreclosure sale was conducted under Nevada Revised Statute ("N.R.S.") § 116.3116 *et seq.* in 2014. *See* ECF Nos. 38, 41, 45. After the foreclosure sale, the Ninth Circuit struck down the notice scheme employed by N.R.S. § 116.3116 *et seq.* as facially unconstitutional. *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). As a result, plaintiffs

1

Federal National Mortgage Association ("Fannie Mae") and Nationstar Mortgage LLC ("Nationstar") brought this action, seeking declaratory relief and an order to quiet title. ECF No. 13.

Now, two motions come before the court. First, defendant Tyrolian Village Association, Inc. ("Tyrolian") moves to dismiss Fannie Mae and Nationstar's complaint. ECF No. 23. Fannie Mae and Nationstar opposed the motion, and Tyrolian filed a reply. ECF Nos. 34, 37. Second, Fannie Mae and Nationstar moved for partial summary judgment on their declaratory-judgment claim and their quiet-title claim, both of which were brought under the U.S. Constitution. ECF No. 38. Defendant Airmotive Investments, LLC ("Airmotive") opposed the motion. ECF No. 45. Tyrolian also opposed the motion but in a limited manner. ECF No. 41. Fannie Mae and Nationstar filed a reply to both oppositions. ECFS No. 44, 46. To resolve the two motions, the court turns to *Bourne Valley*—a Ninth Circuit opinion that binds the court in its decision. Under the guidance of *Bourne Valley*, the court grants Fannie Mae and Nationstar's motion for partial summary judgment as to the quiet-title claim and denies Tyrolian's motion as moot.

**I.    BACKGROUND**

In 2004, Gloria Brimm obtained a loan from CMG Mortgage, Inc. to purchase a property located at 1364 Carinthia Court, Incline Village, Nevada 89451. ECF No. 38, Ex. A.[1] This transaction gave rise to the first deed of trust on the property, which was recorded in Washoe County, Nevada. *Id.* The deed of trust designated Mortgage Electronic Registration Services, Inc. ("MERS") as the beneficiary. *Id.* In 2013, MERS assigned the deed of trust to Nationstar. ECF No. 38, Ex. B.

The at-issue property sits in a community governed by a homeowners' association (Tyrolian) and is therefore subject to HOA assessments. *See* ECF No. 38, Ex. A; *see id.* at 3; *see* ECF No. 45 at 4–6. After Brimm failed to pay the assessments as they came due, Tyrolian recorded a notice of delinquent assessment lien. ECF No. 38, Ex. C; ECF No. 45 at 6. When the

---

[1] The court takes judicial notice of the publicly-recorded documents attached to the complaint and cited in the parties' motions. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)) (stating matters of public record may be judicially noticed unless the matter is a fact in reasonable dispute).

delinquent assessments remained unpaid, Tyrolian recorded a notice of default and election to sell. ECF No. 38, Ex. D; ECF No. 45 at 6. Still, the delinquent assessments remained unpaid, prompting Tyrolian to record a notice of foreclosure sale. ECF No. 38, Ex. E; ECF No. 45 at 6. At the nonjudicial foreclosure sale held in July 2014, TBR I, LLC (a non-party) purchased the property. ECF No. 38, Ex. F; ECF No. 45 at 6–7. Airmotive then purchased the property from TBR. ECF No. 38, Ex. G; ECF No. 45 at 7.

Fannie Mae and Nationstar brought this action after the foreclosure sale, alleging eight causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3); (2) quiet title under 12 U.S.C. § 4617(j)(3); (3) declaratory relief under the Fifth and Fourteenth Amendment of the U.S. Constitution; (4) quiet title under the Fifth and Fourteenth Amendment of the U.S. Constitution; (5) declaratory judgment under 28 U.S.C. § 2201, N.R.S. § 40.010, and N.R.S. § 30.040 *et seq.*; (6) breach of N.R.S. § 116.1113; (7) wrongful foreclosure; and (8) injunctive relief. ECF No. 13. Airmotive brought two counterclaims: (1) quiet title and declaratory relief and (2) negligent or intentional misrepresentation. ECF No. 30. Airmotive asserts its second counterclaim solely against Nationstar. *Id.*

Tyrolian now moves to dismiss the complaint in part. ECF No. 23. Additionally, Fannie Mae and Nationstar move for partial summary judgment, requesting the court to apply *Bourne Valley* to their quiet-title claim and their declaratory-judgment claim. ECF No. 38.

## II.  LEGAL STANDARD

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See Id.* at 252.

### III. DISCUSSION

The court addresses three arguments to resolve the summary judgment motion. First, the court considers the effect of *Bourne Valley*. Second, the court determines whether to apply the "return doctrine." Finally, the court resolves the quiet-title claim brought under the U.S. Constitution. But because *Bourne Valley* is dispositive, the court does not consider the parties' remaining arguments or Tyrolian's motion to dismiss.

**A.** ***Bourne Valley*** **binds this court's decision.**

In *Bourne Valley*, the Ninth Circuit held the opt-in-notice scheme of N.R.S. § 116.3116 *et seq.* facially violated the plaintiffs' due process rights under the Fourteenth Amendment of the U.S. Constitution. 832 F.3d 1156. The Ninth Circuit declared the opt-in-notice provisions

4

facially unconstitutional because the provisions permitted a homeowners' association to foreclose on a property without giving notice to a mortgage lender—"[e]ven though such foreclosure forever extinguished the mortgage lenders' property rights[.]" *Id.* at 1158.

Here, the foreclosure sale was conducted under N.R.S. § 116.3116 *et seq.* prior to the Ninth Circuit finding the notice scheme facially unconstitutional. Nevertheless, Airmotive argues that *Bourne Valley* does not require the court to find for Fannie Mae and Nationstar for three reasons. First, Airmotive argues the Ninth Circuit erred in its decision by ignoring the Nevada Supreme Court's decision in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408 (Nev. 2014).[2] ECF No. 45 at 13–14. Second, Airmotive argues the Nevada Supreme Court overruled *Bourne Valley* in *Satico Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017).[3] *Id.* at 14. Third, Airmotive argues that actual notice cures any due process concern. *Id.* at 21–23.

Despite Airmotive's arguments, the Ninth Circuit decided a federal issue in *Bourne Valley*, making *Bourne Valley* binding upon the decision of this court. *See Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating a decision on an issue regarding the federal constitution by a state's highest court does not bind federal courts). The Ninth Circuit found the opt-in-notice provisions facially violated the mortgage lenders' due process rights under the U.S. Constitution. *Id.* at 1160. The Ninth Circuit therefore decided an issue regarding the federal constitution: whether due process rights under the federal constitution were violated. Because the decision rests on a federal issue rather than an interpretation of state law, *Bourne Valley* binds this court in its decision. The court rejects Airmotive's first two arguments accordingly.

The court also rejects Airmotive's third argument because actual notice cannot cure the facial unconstitutionality of the opt-in-notice provisions. "The factual particularities surrounding

---

[2] In *SFR Investments Pool 1*, the Nevada Supreme Court held N.R.S. § 116.3116(2) gives an HOA a superpriority lien, allowing an HOA to conduct a proper foreclosure that extinguishes a first deed of trust.

[3] In *Saticoy Bay*, the Nevada Supreme Court determined N.R.S. § 116.3116 *et seq.* does not implicate due process concerns because nonjudicial foreclosure sales do not involve state action. 388 P.3d at 974. The Nevada Supreme Court acknowledged the *Bourne Valley* decision but "decline[d] to follow [the Ninth Circuit's] holding" after finding N.R.S. § 116.3116 *et seq.* does not entail state action. *Id.* at n. 5.

5

the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions [of N.R.S. § 116.3116 *et seq.*]" *Cohen v. Bank of Am., N.A.*, No. 215-cv-01393-GMN-CWH, 2017 WL 4185464, at *3 (D. Nev. Sept. 21, 2017). Because the opt-in-notice provisions were struck down as facially unconstitutional in *Bourne Valley*, whether Fannie Mae and Nationstar received actual notice does not affect this decision. The court therefore rejects Airmotive's third argument.

**B. The court will not apply the prior version of N.R.S. § 116.3116 *et seq*. by way of the "return doctrine."**

The court now turns to the applicability of a doctrine Airmotive refers to as the "return doctrine." Airmotive argues the facially-unconstitutional ruling in *Bourne Valley* requires the court to treat N.R.S. § 116.3116 *et seq.* as if it were never passed and instead return the statute to its prior version. ECF No. 45 at 14–20. Specifically, Airmotive argues for the application of the 1991 version of N.R.S. § 116.3116 *et seq.* (the "1991 version")—the version that existed prior to the amendment incorporating the unconstitutional provisions (the "1993 version"). *Id.* The alleged-notice scheme in the 1991 version of the statute provided: "[t]he association must also give reasonable notice of its intent to foreclose to all holders of liens in the unit who are known to it." A.B. 221, 1991 Nev. Stat., ch. 245, § 104, at 570–71. Airmotive contends that the foreclosure sale passes constitutional scrutiny and extinguishes the first deed of trust under the 1991 version of the statute. *Id.* at 20.

Airmotive essentially argues N.R.S. § 116.3116 *et seq.* is void *ab initio*, which requires the court to revive the 1991 version of the statute. Nevada law supports the theory that a statute is void *ab initio* and returns to its prior version upon a ruling of unconstitutionality. *We the People Nevada ex rel. Angle v. Miller*, 192 P.3d 1166, 1176 (Nev. 2008) (stating: "[W]hen a statute is declared unconstitutional, it has no effect and the prior governing statute is revived."). Federal law once supported such an application as well. *Norton v. Shelby Cnty*., 118 U.S. 425, 442 (1886) (stating: "An unconstitutional act is not law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."). But while courts once applied the void *ab initio* rule in a strict

manner, courts now rely on principles of reasonableness and fairness to determine the effect of an unconstitutional ruling. *See Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 374 (1940) (acknowledging that "the actual existence of a statute, prior to [a determination of its unconstitutionality], is an operative fact and may have consequences which cannot justly be ignored."); *see also Linkletter v. Walker*, 381 U.S. 618 (1965) (rejecting the strict application of the void *ab initio* rule), *abrogated in part as stated in Davis v. United States*, 546 U.S. 229, 243 (2011) (discussing retroactivity for rules of constitutional criminal procedure); *see also Lemon v. Kurtzman*, 411 U.S. 192 (1973) (acknowledging the court's concession from *Norton* and stating: "the effect of a given constitutional ruling on prior conduct is subject to no set principle of absolute retroactive invalidity but depends upon a consideration or particular relations and particular conduct of rights claimed to have become vested, of status, of prior determinations deemed to have finality; and of public policy in light of the nature of both the statute and of its previous application.") (internal quotations and punctuation marks omitted).

        The court declines to apply the void *ab initio* rule to the matter at hand in the manner Airmotive requests. The current state of the law does not impose a strict application of the rule and does not require the court to revive the 1991 version of the statute. The court therefore declines to apply the 1991 version of the statute to the facts of this matter for three reasons. First, the court agrees with the reasoning in *Nationstar Mortg. LLC v. Giavanna Homeowners Ass'n*, No. 2:15-cv-01992-LDG-CWH, 2017 WL 4248129, at *2 (D. Nev. Sept. 25, 201) (declining to apply the "return doctrine" to revive the notice scheme contained in the 1991 version of N.R.S. § 116.31168 because *Bourne Valley* struck down N.R.S. §§ 116.31163(2) and 116.31165(2)(b)— not N.R.S. § 116.31168). Second, the court recognizes decisions such as *SFR Investments Pool 1* bestow the benefit of superpriority-status to HOA liens under the 1993 version of the statute. 334 P.3d 408. The court finds no binding decision that bestows the same type of priority-status under the 1991 version of the statute. Airmotive therefore seeks to retain a benefit it would reap under the 1993 version of the statute while simultaneously avoiding any detriments under the same version of the statute. This result would be unjust. Finally, the notice scheme in the 1991 version of the statute poses additional constitutional concerns. *See* N.R.S. § 116.31168; *see U.S. Bank*

*Nat'l Ass'n v. Thunder Properties Inc.*, No. 3:15-cv-00328-MMD-WGC, 2017 WL 4102464, at *3 (D. Nev. Sept. 14, 2017) (finding the 1991 notice scheme "ripe for constitutional consideration"). The court therefore declines to interpret the facts of this matter under the 1991 version of the statute as requested by Airmotive. *See Clark v. Martinez*, 543 U.S. 371, 380–81 (2005) (discussing the doctrine of constitutional avoidance).

### C. The court grants summary judgment in favor of Fannie Mae and Nationstar on the quiet-title claim brought under the U.S. Constitution.

The court finally considers the quiet-title claim brought under the U.S. Constitution. In Nevada, courts possess "the inherent equitable power to consider quiet title actions[.]" *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016) (internal citations omitted). "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. Under *Bourne Valley*, the opt-in-notice provisions of N.R.S. § 116.3116 *et seq.* are facially unconstitutional. The foreclosure sale here occurred under the same provisions. Accordingly, because the foreclosure sale occurred under facially unconstitutional provisions, the foreclosure sale did not extinguish the first deed of trust that encumbered the property at the time of the sale. The court therefore grants summary judgment as to claim four and holds that the first deed of trust continues to encumber the property. But the court does not disturb the validity of the foreclosure sale itself.

Based on the above, the court dismisses the first, second, third, fifth, sixth, and seventh claims in the complaint as moot. The court also dismisses the eighth claim for injunctive relief as an improper cause of action. *See In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F.Supp. 2d 1091, 1130 (D. Nev. 2007). Additionally, the court dismisses Airmotive's first counterclaim to quiet title and for declaratory relief as moot.

The remaining claim in this action is Airmotive's counterclaim for negligent or intentional misrepresentation against Nationstar. The court's instant decision does not impact that claim. But the court recognizes the parties' motions sought only to resolve the principal issue in this action: whether the first deed of trust continues to encumber the property under

8

*Bourne Valley*. Airmotive's misrepresentation claim was not addressed. The court gives the parties leave to file dispositive motions regarding the misrepresentation claim, if any, within twenty days of the entry of this order.

IV.     CONCLUSION

IT IS THEREFORE ORDERED that plaintiffs Federal National Mortgage Association and Nationstar Mortgage LLC's motion for summary judgment (ECF No. 38) is **GRANTED in part and DENIED in part.** It is granted with respect to plaintiffs' quiet-title claim brought under the U.S. Constitution (claim four). It is denied as moot with respect to the declaratory-relief claim brought under the U.S. Constitution (claim three).

IT IS FURTHER ORDERED that plaintiffs' first, second, third, fifth, sixth, and seventh claims are **DISMISSED** as moot**.**

IT IS FURTHER ORDERED that plaintiffs' eighth claim is **DISMISSED** as an improper cause of action.

IT IS FURTHER ORDERED that defendant Tyrolian Village Association, Inc.'s motion to dismiss (ECF No. 23) is **DENIED** as moot**.**

IT IS FURTHER ORDERED that Airmotive Investments LLC's counterclaim for declaratory relief and quiet title is **DISMISSED** as moot.

IT IS FURTHER ORDERED that the parties have twenty days from the entry of this order to file dispositive motions regarding Airmotive Investments LLC's counterclaim for negligent or intentional misrepresentation.

IT IS SO ORDERED.

DATED this 17th day of November, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE