# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>TYROLIAN VILLAGE ASSOCIATION, INC. and AIRMOTIVE INVESTMENTS LLC,<br><br>Defendants. | Case No. 3:17-cv-00250-LRH-VPC<br><br>ORDER |
| AIRMOTIVE INVESTMENTS LLC,<br><br>Counterclaimant,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Counter-Defendants. | |

Plaintiffs Nationstar Mortgage, LLC ("Nationstar") and Federal National Mortgage Association ("Fannie Mae") (collectively "plaintiffs") move for summary judgment on defendant Airmotive Investments LLC's ("Airmotive") counterclaim of negligent or intentional misrepresentation. ECF No. 53. Airmotive also moves for summary judgment on its claim. ECF No. 54. The parties filed responses to each other's motions, and plaintiffs filed a reply to support

1

their motion. ECF Nos. 57–59. The court now grants plaintiffs' motion and denies Airmotive's motion, finding a previous court order rendered the counterclaim moot.

I.  **BACKGROUND**

This litigation began as a result of a nonjudicial foreclosure sale that was conducted in 2014 under Chapter 116 of the Nevada Revised Statutes ("NRS"). ECF No. 13. At the time of the foreclosure sale, the property was encumbered by a first deed of trust that was recorded in Washoe County, Nevada, in 2004. *See* ECF No. 54, Ex. 1. *Id.* Although Mortgage Electronic Registration Services, Inc. ("MERS") was initially designated as the beneficiary of the deed of trust, MERS assigned its interests to Nationstar in 2013. *Id.* (designating MERS as the beneficiary); ECF No. 54, Ex. 7 (corporate assignment of the deed of trust to Nationstar).[1]

In 2014, a nonparty purchased the at-issue property at the nonjudicial foreclosure sale. ECF No. 54, Ex. 5. Airmotive then purchased the property from the nonparty in 2016. ECF No. 54, Ex. 6.

Plaintiffs sued Airmotive in 2017.[2] ECF No. 13. Plaintiffs asserted several causes of action, all of which sought to establish that the foreclosure sale did not extinguish the first deed of trust. *Id.* Airmotive countersued, bringing claims for declaratory relief and for misrepresentation. ECF No. 30.

In November 2017, the court granted summary judgment on plaintiffs' claim to quiet title under the Fourteenth Amendment to the United States Constitution, relying on the Ninth Circuit's holding in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). ECF No. 50. In *Bourne Valley*, the Ninth Circuit ruled that the notice scheme in NRS Chapter 116 facially violated due process principles under the Fourteenth Amendment. 832 F.3d at 1156. Because the at-issue foreclosure sale occurred under the same version of NRS Chapter 116, the court was bound by the *Bourne Valley* decision. *See* ECF No. 50. Thus, the court granted summary judgment on plaintiffs' claim to quiet title

---

[1] The parties dispute whether Fannie Mae ever acquired ownership, or any interest at all, in the deed of trust and the corresponding note. *Compare* ECF No. 54 *with* ECF No. 57.

[2] Plaintiffs also sued defendant Tyrolian Village Association, Inc. ECF No. 13.

under the Fourteenth Amendment, finding that the foreclosure sale could not have extinguished the first deed of trust. *Id.* The court also dismissed as moot the parties' remaining claims to quiet title on the property and for declaratory relief. *Id.*

As a result of the court's previous order, a single claim remains in this matter: Airmotive's claim for negligent or intentional misrepresentation against Nationstar. *Id.* In the complaint, plaintiffs allege that Fannie Mae acquired ownership of the underlying mortgage in 2004. ECF No. 13. Based on this allegation, Airmotive claims that Nationstar misrepresented its interest in the property by recording documents that identify Nationstar as the holder, beneficiary, and servicer of the mortgage secured by the first deed of trust. ECF No. 30 (referencing the corporate assignment of the first deed of trust from MERS to Nationstar in 2013 and a bank notice of default recorded in 2014). Airmotive asserts that Nationstar misrepresented its interest by including the title of "holder" in the recorded documents and by omitting any indication of Fannie Mae's ownership of the mortgage. *Id.* Airmotive also alleges that it relied on Nationstar's statements when purchasing the property. *Id.* Now, the parties have submitted competing summary judgment motions to resolve the claim. ECF Nos. 53, 54.

## II. LEGAL STANDARD

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no

reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

### III. DISCUSSION

Plaintiffs and Airmotive have submitted competing summary judgment motions, both of which raise multiple arguments. The court begins by turning to an argument that presents a threshold issue: whether the court's prior order on plaintiffs' claim to quiet title mooted Airmotive's misrepresentation claim. Because the court finds it did, the court does not reach the parties' remaining arguments.

"Mootness, like the related doctrine of standing, restricts judicial power to the decision of cases and controversies[.]" *Cook Inlet Treat Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999). Thus, a claim must present an actual or live controversy for a court to exercise jurisdiction over the matter. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). "Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exits." *Id.* (internal quotation omitted). Therefore, when there is no possibility for recovery on a claim, the claim is moot and must be dismissed. *Id.*

The court must dismiss Airmotive's claim as moot because the issue of which entity owned the mortgage at the time of the foreclosure is inconsequential based on the court's prior order. The court previously held that the nonjudicial foreclosure sale could not have extinguished the first deed of trust under any set of facts based on the *Bourne Valley* decision. Thus, the ownership of the underlying mortgage is inconsequential to this matter; the first deed of trust could not have been extinguished under *Bourne Valley* whether Fannie Mae or Nationstar owned the mortgage.

Airmotive attempts to save its claim by tying it to plaintiffs' claims brought under the federal foreclosure bar in 12 U.S.C. § 4617(j)(3). ECF No. 54 at 8. The court agrees that the issue of which entity owned the mortgage would be critical to the claims brought under the federal foreclosure bar. *See Berezovsky v. Moniz*, 869 F.3d 923, 930–31 (9th Cir. 2017) (holding that the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) preempts Nevada law from permitting the nonconsensual foreclosure of Federal Housing Finance Agency assets). But the claims brought under the federal foreclosure bar in this matter have been dismissed. As a result, the claims have no effect on the instant decision.

Airmotive also attempts to save its claim by asserting that the Nevada Supreme Court will likely overrule the *Bourne Valley* decision once it releases an opinion on a pending certified question regarding NRS Chapter 116. If the Nevada Supreme Court does overrule the *Bourne Valley* decision, Airmotive contends the court's prior order will be overturned and its misrepresentation claim will not be moot.

It is true that a certified question is currently pending before the Nevada Supreme Court regarding NRS Chapter 116. *See* Nev. S. Ct. Case No. 72931 (Order Accepting Certified Question from *Bank of New York Mellon v. Star Hill Homeowners Association*, 2:16-cv-02561-RFB-PAL, 2017 WL 1439671, at *5 (D. Nev. Apr. 21, 2017)). And the court acknowledges the possibility of the Nevada Supreme Court resolving the certified question in a manner that displaces the *Bourne Valley* holding. *See, e.g., PNC Bank, Nat'l Ass'n v. Saticoy Bay LLC Series 5633 Desert Creek*, 404 P.3d 399, n.1 (Nev. 2017) (unpublished decision noting that the Nevada Supreme court observed that NRS Chapter 116 incorporated notice requirements from NRS

5

Chapter 107). However, at this time, *Bourne Valley* serves as binding law on this court; it has not been overturned. *See Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating a decision on an issue regarding the federal constitution by a state's highest court does not bind federal courts). The court will therefore continue to adhere to the *Bourne* decision until it no longer serves as binding law.

Because the court declines to rule by speculating on future rulings from the Nevada Supreme Court, the court must dismiss Airmotive's misrepresentation claim as moot. The court therefore grants plaintiffs' motion for summary judgment and denies Airmotive's motion for summary judgment. Because the misrepresentation claim was the final claim in this matter, the court also instructs the clerk of the court to close this matter accordingly.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that plaintiffs Nationstar Mortgage, LLC and Federal National Mortgage Association's motion for partial summary judgment (ECF No. 53) is **GRANTED.**

IT IS FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 54) is **DENIED.**

IT IS FURTHER ORDERED that the Clerk of Court close this matter accordingly.

IT IS SO ORDERED.

DATED this 18th day of June, 2018.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE