UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>TYROLIAN VILLAGE ASSOCIATION, INC. and AIRMOTIVE INVESTMENTS LLC,<br><br>Defendants.<br><br>―――――――――――――――――――――<br><br>AIRMOTIVE INVESTMENTS LLC,<br><br>Counterclaimant,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Counter-Defendants. | Case No. 3:17-cv-00250-LRH-VPC<br><br>ORDER on REMAND |

In November 2017 and June 2018, the court issued two orders in this case (ECF Nos. 50, 60) which were subsequently appealed to the Ninth Circuit. Following the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc), the Ninth Circuit vacated the judgment and remanded the case to this court for reconsideration in light of this new relevant authority. ECF No. 65.

1

The court now reconsiders the following motions: (1) motion to dismiss by Tyrolian Village Association, Inc. ("Tyrolian" or "HOA") (ECF No. 23); (2) motion for partial summary judgment by Nationstar Mortgage LLC ("Nationstar") and Federal National Mortgage Association ("Fannie Mae") (collectively "plaintiffs") (ECF No. 38); (3) motion for partial summary judgment by Nationstar and Fannie Mae (ECF No. 53); and (4) motion for partial summary judgment by Airmotive Investments, LLC ("Airmotive" or "counterclaimant") (ECF No. 54).

**I.    BACKGROUND**

In 2004, Gloria Brimm obtained a loan from CMG Mortgage, Inc. to purchase a property located at 1364 Carinthia Court, Incline Village, Nevada 89451. ECF No. 38-1.[1] This transaction gave rise to the first deed of trust on the property, which was recorded in Washoe County, Nevada, on July 29, 2004. *Id.* The deed of trust identified Gloria S. Brimm as the borrower, CMG Mortgage, Inc. as the lender, Stewart Title of Northern Nevada as trustee, and Mortgage Electronic Registration Service ("MERS") as mortgagee and nominee for Lender and Lender's successors and assigns. *Id.* In 2013, MERS—as nominee for CM Mortgage, Inc., its successors and/or assigns—assigned the interest to Nationstar. ECF No. 38-2.

The at-issue property sits in a community governed by Tyrolian, a homeowners' association, and is therefore subject to HOA assessments. *See* ECF No. 38-1; *see id.* at 3; *see* ECF No. 45 at 4–6. After Brimm failed to pay the assessments as they came due, Tyrolian recorded a notice of delinquent assessment lien. ECF No. 38-3; ECF No. 45 at 6. When the delinquent assessments remained unpaid, Tyrolian recorded a notice of default and election to sell. ECF No. 38-4; ECF No. 45 at 6. Still, the delinquent assessments remained unpaid, prompting Tyrolian to record a notice of foreclosure sale. ECF No. 38-5; ECF No. 45 at 6. At the nonjudicial foreclosure sale held in July 2014, TBR I, LLC (a non-party) purchased the property.

---

[1] The court takes judicial notice of the publicly-recorded documents attached to plaintiffs' motion for partial summary judgment (ECF No. 38). *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)) (stating matters of public record may be judicially noticed unless the matter is a fact in reasonable dispute).

ECF No. 38-6; ECF No. 45 at 6–7. Airmotive then purchased the property from TBR I. ECF No. 38-7; ECF No. 45 at 7.

Fannie Mae and Nationstar brought this action after the foreclosure sale, alleging eight causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3); (2) quiet title under 12 U.S.C. § 4617(j)(3); (3) declaratory relief under the Fifth and Fourteenth Amendment of the U.S. Constitution; (4) quiet title under the Fifth and Fourteenth Amendment of the U.S. Constitution; (5) declaratory judgment under 28 U.S.C. § 2201, N.R.S. § 40.010, and N.R.S. § 30.040 *et seq.*; (6) breach of N.R.S. § 116.1113; (7) wrongful foreclosure; and (8) injunctive relief. ECF No. 13. Airmotive brought two counterclaims: (1) quiet title and declaratory relief and (2) negligent or intentional misrepresentation. ECF No. 30. Airmotive asserts its second counterclaim solely against Nationstar. *Id.*

On July 5, 2017, Tyrolian motioned this court to dismiss Nationstar's third, fifth, sixth, and seventh causes of action for failure to state a claim upon which relief could be granted. ECF No. 23. Nationstar filed a response (ECF No. 34), to which Tyrolian replied (ECF No. 37).[2]

In August 2017, Fannie Mae and Nationstar moved for partial summary judgment, requesting the court apply *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017) to their quiet-title and declaratory-judgment claims. ECF No. 38. Tyrolian and Airmotive responded (ECF Nos. 41, 45), and plaintiffs replied (ECF Nos. 44, 46).

In November 2017, the court granted summary judgment on plaintiffs' claim to quiet title under the Fourteenth Amendment to the United States Constitution, relying on the Ninth Circuit's holding in *Bourne Valley*. ECF No. 50. In *Bourne Valley*, the Ninth Circuit ruled that the notice scheme in NRS Chapter 116 facially violated due process principles under the Fourteenth Amendment. 832 F.3d at 1156. Because the at-issue foreclosure sale occurred under the same version of NRS Chapter 116, the court was bound by the *Bourne Valley* decision. *See* ECF No. 50. Thus, the court granted summary judgment on plaintiffs' claim to quiet title under

---

[2] The First Amended Complaint (ECF No. 13) provides that plaintiffs' third and fifth causes of action are brought by Nationstar against all defendants, and plaintiffs' sixth and seventh causes of action are brought by Nationstar against Tyrolian only. Fannie Mae did not join Nationstar's response to this motion.

3

the Fourteenth Amendment, finding that the foreclosure sale could not have extinguished the first deed of trust. *Id.* The court also dismissed as moot the parties' remaining claims to quiet title on the property and for declaratory relief. *Id.*

As a result of that order, a single claim remained in the matter: Airmotive's claim for negligent or intentional misrepresentation against Nationstar. *See Id.* In the complaint, plaintiffs alleged that Fannie Mae acquired ownership of the underlying mortgage in 2004. ECF No. 13. Based on this allegation, Airmotive claimed that Nationstar misrepresented its interest in the property by recording documents that identified Nationstar as the holder, beneficiary, and servicer of the mortgage secured by the first deed of trust. *Id.* Airmotive asserted that Nationstar misrepresented its interest by including the title of "holder" in the recorded documents and by omitting any indication of Fannie Mae's ownership of the mortgage. *Id.* Airmotive also alleged that it relied on Nationstar's statements when purchasing the property. *Id.*

In June 2018, the court granted plaintiffs' motion for partial summary judgment (ECF No. 53) and denied defendant's motion for summary judgment (ECF No. 54). Again, the court relied on *Bourne Valley*, which at the time was still binding law in this District. ECF No. 60.

While the court's two decision were on appeal to the Ninth Circuit, the Nevada Supreme Court decided *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 1253 (Nev. 2018), which effectively overruled *Bourne Valley* on an issue of state law. The Ninth Circuit therefore vacated the court's prior judgments, and the case was remanded to this court for reconsideration in light of this new authority. ECF No. 65. The court now reconsiders the parties prior motions.

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Civil Procedure Rule 12(b)(6)

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable cause of action. *See* Fed. R. Civ. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) does not require detailed factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks and citations omitted)). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion— even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (internal quotation marks omitted).

**B. Motion for Summary Judgment Pursuant to Federal Civil Procedure Rule 56**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

///
///
///
///
///

## III. DISCUSSION

### A. Nationstar's Sixth and Seventh Causes of Action, Breach of NRS § 116.1113 and Wrongful Foreclosure, are dismissed for failure to mediate pursuant to NRS § 38.310.

NRS § 38.310 provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application, or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

NRS § 38.310(1). The "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." NRS § 38.310(2). The term "civil action" includes "an action for money damages or equitable relief;" however, it "does not include an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title of residential property." NRS § 38.300(3); *McKnight Family, LLP v. Adept Mgmt. Servs.*, 301 P.3d 555, 559 (Nev. 2013) (while quiet title claims are exempt from NRS § 38.310, claims for wrongful foreclosure and breach of NRS 116.3113 are not).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family*, 310 P.3d at 559. Because "whether an individual violated any conditions or failed to perform any duties required under an association's CC&Rs," requires the court to "interpret the CC&Rs to determine their applicability and enforceability regarding the individual," the wrongful foreclosure claim fell squarely within NRS § 38.310. *Id.* (concluding that whether the HOA failed to properly credit the homeowner's payment involved interpreting covenants, conditions, or restrictions applicable to residential property, NRS §38.310 applied). Additionally, claims for NRS § 116.1113 violations are "civil actions" that fall under NRS § 38.310 because it requires the "district court to interpret regulations and statutes that contain[] conditions and restrictions applicable to residential property." *Id.* at 558.

Nationstar's complaint does not allege that it completed mediation under NRS § 38.330 and does not "contain a sworn statement indicating that the issues addressed in the complaint have been mediated pursuant to the provisions of NRS 38.300 to 38.360, inclusive." NRS §38.330(1). While state law cannot dictate this court's jurisdiction, "NRS 38.310 is not a

7

jurisdictional statute; it is an exhaustion statute that creates prerequisites for filing certain state-law claims." *Carrington Mortg. Servs., LLC, v. Absolute Bus. Sols., LLC*, No. 2:15-cv-01862-JAD-PAL, 2016 WL 1465339, at *3 (D. Nev. April 14, 2016).

Like *McKnight*, plaintiffs' claim for breach of NRS § 316.3113 will require interpreting covenants, conditions or restrictions. "NRS 116.113 imposes a duty of good faith and fair dealing on any act performed under an HOA's CC&Rs adopted in accordance with Chapter 116." *Carrington*, 2016 WL 1465339, at *4. Therefore a claim alleging a breach of NRS § 116.113 based on bad faith is "necessarily 'a claim relating to' the 'enforcement of' both a covenant applicable to residential property and the 'bylaws, rules[,] or regulations adopted by an association.'" *Id.* (quoting NRS 38.310(1)). Accordingly, plaintiffs' failure to comply with NRS § 38.310 requires plaintiffs' Sixth Cause of Action be dismissed.

Likewise, plaintiffs' claim for wrongful foreclosure will require the same interpretation. Plaintiffs premise their claim on the HOA's failure to provide adequate notice, that the sale was grossly inadequate, and that the HOA breached the good faith requirements of NRS § 116.1113. Plaintiffs further allege that they have "suffered general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest." *See* ECF No. 13. "[T]his cause of action will require 'the interpretation, application or enforcement of' various provisions of NRS Chapter 116, which constitute 'covenants, conditions or restrictions applicable to residential property,' or 'the interpretation, application or enforcement of' the HOA's 'bylaws, rules[,] or regulations.'" *Carrington*, 2016 WL 1465339, at *4 (quoting NRS § 38.310(1)). Additionally, plaintiffs seek money damages for this claim. *See McKnight*, 310 P.3d at 558-59 ("McKnight sought money damages for its NRS claims, so those claims are civil actions as defined in NRS 38.300(3)."). Accordingly, plaintiffs' wrongful foreclosure claim must be dismissed for failure to mediate pursuant to NRS § 38.310. *See Saticoy Bay, LLC Series 1702 Empire Mine v. Fannie Mae*, Case No. 2:14-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29. 2015) (while the court found that Fannie Mae held an interest in the property which prevented the HOA from foreclosing, the court still held that Fannie Mae was required to mediate a claim for wrongful foreclosure pursuant to NRS § 38.310

prior to bringing suit, and dismissed Fannie Mae's claim without prejudice); *see also Bank of Am., N.A. v. Desert Pines Villas Homeowners Ass'n.*, 2:16-cv-725-JCM (NJK), 2017 WL 2908868, at *4-5 (D. Nev. July 6, 2017); *U.S. Bank, NA v. Woodchase Condo. Homeowners Ass'n*, No. 2:15-cv-01153-APG-GWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016).

### B. Because the Nevada Supreme Court held the notice provision of NRS 116 is constitutional, plaintiffs third cause of action is dismissed and their motion for partial summary judgment is denied.

Plaintiffs argue that the HOA's foreclosure sale could not have extinguished the first deed of trust because the Ninth Circuit ruled in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.* that the statute's "opt-in" notice provision was facially unconstitutional. *See* 832 F.3d 1154, 1158-59 (9th Cir. 2016). Plaintiffs are correct that the Ninth Circuit held that NRS § 116.3116's "opt-in" notice scheme was unconstitutional because it violated lender's due process rights. *Id.* at 1156. In coming to this holding, the Court determined that NRS § 107.090 should not be read into NRS § 116.31168(1) to cure the due process deficiency. *Id.* at 1159.

However, "a State's highest court is the final juridical arbiter of the meaning of state statutes." *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975); *see also Cal. Teachers Ass'n v. State Bd. Of Educ.*, 271 F.3d 1141, 1146 (9th Cir. 2001) ("it is solely within the province of the state courts to authoritatively construe state legislation."). Further, the Ninth Circuit has held that it is "required to follow intervening decisions of the [State] Supreme Court that interpret state law in a way that contradicts [its] earlier interpretation of that law." *Bonilla v. Adams*, 423 Fed. Appx. 738, 740 (9th Cir. 2011); *see also Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983) ("our interpretation . . . was only binding in the absence of any subsequent indication from the California courts that our interpretation was incorrect."). A prior decision that has been "undercut by higher authority to such an extent that it has been effectively overruled by such higher authority," is no longer binding on the court. *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003).

The Nevada Supreme Court's decision in *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon* so undercut *Bourne Valley* that the two are irreconcilable. 422 P.3d 1248, 1253 (Nev. 2018) ("*Bank of N.Y. Mellon*"). In its decision, the Nevada Supreme Court specifically declined to

9

follow the Ninth Circuit, instead holding that "NRS 116.31168 fully incorporated both the opt-in and mandatory notice provisions of NRS 107.090," and that prior to the October 1, 2015 amendment, an HOA was required to "provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." *Bank of N.Y. Mellon*, 422 P.3d at 1253. This holding so undercut *Bourne Valley* that it is no longer controlling authority with respect to section 116.3116's notice provisions in this district. *Bank of America, N.A. v. Arlington West Twilight Homeowners Association*, __ F.3d __ , 2019 WL 1461317, at *3 (9th Cir. April 3, 2019) ("The bank's due process argument fails because the Nevada Supreme Court later rejected *Bourne Valley*'s interpretation of the Nevada statutory scheme."). Therefore, the court rejects Nationstar's theory that *Bourne Valley* prevents the HOA's foreclosure sale from extinguishing the deed of trust.[3]

Accordingly, plaintiffs' third cause of action, seeking the court to declare that the HOA foreclosure sale did not extinguish the deed of trust because it was conducted under the facially unconstitutional NRS 116.3116 *et. seq.*, is dismissed, and plaintiffs' motion for partial summary judgment (ECF No. 38) is denied.

**C. Tyrolian's motion to dismiss plaintiffs' fifth cause of action is denied.**

Plaintiffs' fifth cause of action seeks a declaration from this court that the HOA foreclosure sale did not extinguish the deed of trust because notice was insufficient: the notice didn't include whether the deficiency included a superpriority amount, the amount of the superpriority, how the superpriority amount was calculated, when payment was due, where payment was to be made, or the consequences of the failure for paying such priority. Plaintiffs further allege that the HOA foreclosure sale did not extinguish the deed of trust because any attempt by Nationstar to tender the superpriority amount would have been futile as Nevada Association Services, Inc. ("NAS"), the debt collector, would have rejected it. Finally, plaintiffs allege that the HOA foreclosure sale did not extinguish the deed of trust because the sale was

---

[3] The court declines to discuss severability or returning to the 1991 version of the statute under the Return Doctrine as those arguments are moot given the Nevada Supreme Court's ruling.

commercially unreasonable or otherwise failed to comply with the good faith requirement of NRS § 116.1113. *See* ECF No. 13.

The Nevada Supreme Court has held that to set aside a foreclosure sale, plaintiffs cannot simply demonstrate "that an association sold a property at its foreclosure sale for an inadequate price . . .; there must also be a showing of fraud, unfairness, or oppression." *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1112 (Nev. 2016) ("*Shadow Wood*") (citing *Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982)). As discussed above, *Bank of N.Y. Mellon* held that NRS § 116.31168 incorporated NRS § 107.090, which required "the trustee or person authorized to make the sale <u>to mail</u> the notice of sale to all persons entitled to notice under NRS 107.090(3)." 422 P.3d at 1251 (emphasis added). The Nevada Supreme Court has also reasoned that "an HOA's failure to mail a deed of trust beneficiary the statutorily required notices," may constitute "fraud, unfairness, or oppression." *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017); *Saticoy Bay LLC Series 9014 Salvatore Street v. U.S. Bank N.A.*, 429 P.3d 293, 2018 WL 5095837, at \*1 (Nev. Oct. 12, 2018) (unpublished) ("[B]ecause the HOA failed to give the statutorily-required notice of the trustee's sale to Bank of America, the sale was void and title remained with respondent U.S. Bank as Bank of America's successor-in-interest.").

Here, TBR I purchased the property at the foreclosure sale for $44,000.00. ECF No.13 ¶ 43. Plaintiffs allege that the property is estimated at approximately $235,600.00. ECF No. 13 ¶19. Plaintiffs' complaint makes no mention of whether plaintiffs were mailed notice as required by statute. Taken as true, the pleadings show that the property was sold for approximately 5 percent of its value and that the plaintiffs only received record notice, not notice by mail, as required by statute. Therefore, plaintiffs have alleged sufficient facts to plausibly state a claim for relief; accordingly, the court denies Tyrolian's motion to dismiss plaintiffs' fifth cause of action.

///

///

///

**D. Plaintiffs' motion for summary judgment on counterclaimant Airmotive's second cause of action—Negligent or, Alternatively, Intentional Misrepresentation against Nationstar—is granted.**

On December 21, 2017, plaintiffs moved for partial summary judgment on Airmotive's misrepresentation claim. ECF No. 53. Airmotive responded (ECF No. 58), to which plaintiffs replied (ECF No. 59). On the same day, Airmotive filed a counter motion for partial summary judgment on the same misrepresentation claim. ECF No. 54. Plaintiffs responded (ECF No. 57); Airmotive did not reply.

Airmotive alleged the following in its counterclaim: (1) that Nationstar was at the time the current holder, beneficiary, and servicer of the obligation or debt secured by the First Deed of Trust; (2) that the Bank Notice of Default did not contain any information that Fannie Mae possessed any interest in the deed of trust at that time; (3) that no document within the chain of title indicates that Fannie Mae possessed an interest in the deed of trust; (4) that Fannie Mae has alleged it is the holder or beneficiary of the first deed of trust and the associated loan at the time of the HOA foreclosure sale; (5) plaintiffs actions were done to induce or with conscious disregard of the consequences; and (6) Airmotive relied on the representations contained in the Bank Notice of Default when it purchased the property from TBR I, LLC. ECF No 30 ¶¶ 78-79, 81, 83-84, 91. Further, Airmotive alleges that "Nationstar became the holder and/or *owner* of the First Deed of Trust by way of Assignment recorded in the Office of the Recorder of Washoe County, Nevada on January 22, 2013." ECF No. 30 ¶ 17 (emphasis added).

The deed of trust, recorded July 29, 2004, identified Gloria S. Brimm as the borrower, CMG Mortgage, Inc. as the lender, Stewart Title of Northern Nevada as trustee, and Mortgage Electronic Registration Service ("MERS") as mortgagee and nominee for Lender and Lender's successors and assigns. ECF No. 54-1. The Corporate Assignment of Deed of Trust, recorded January 22, 2013, shows MERS—as nominee for CM Mortgage, Inc., its successors and/or assigns—assigned the interest to Nationstar. ECF No. 54-7. In the Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust ("Bank Notice of Default"), Nationstar represents that it is the current holder, beneficiary and servicer of the note and deed of trust. ECF No. 54-8 at 5. Plaintiffs allege Fannie Mae acquired *ownership* of the loan, including

the note and deed of trust, in September 2004, and do not allege Nationstar ever owned the loan. *See* ECF No. 13 ¶ 28.

Under Nevada law, "the status of holder merely pertains to one who may enforce the debt and is a separate concept from that of ownership." *Thomas v. BAC Home Loans Servicing, LP*, 373 P.3d 967, 2011 WL 6743044, at *3 n.9 (Nev. Dec. 20, 2011) (unpublished) ("NRS 104.3301(2) specifically states that 'a person entitled to enforce the instrument' may be one who 'is not the owner of the instrument or is in wrongful possession of the instrument.'"). Additionally, while "Nevada law requires recording of a lien for it to be enforceable, [it] does not mandate that the recorded instrument identify the owner by name." *Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017).

Here, both parties agree that Nationstar represented in the Bank Notice of Default that it was the holder, beneficiary, and servicer. However, Nationstar did not represent in this document that it was the owner, and Airmotive has provided no evidence to the contrary. Further, while the recording excludes Fannie Mae, there is no mandate that the instrument include the owner's name. As Airmotive agrees that Nationstar was the holder, beneficiary, and servicer, and it has provided no evidence showing that this information is or was false at the time Airmotive purchased the property, Airmotive's misrepresentation claim must fail. Accordingly, the court grants plaintiffs' motion for partial summary judgment (ECF No. 53) and denies Airmotive's cross motion for partial summary judgment (ECF No. 54).[4]

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that Tyrolian's Motion to Dismiss Nationstar's Third, Fifth, Sixth, and Seventh Causes of Action (ECF No. 23) is **GRANTED in part** and **DENIED in part**. In accordance with this Order, plaintiffs' Third, Sixth and Seventh Causes of Action are dismissed.

///

///

---

[4] As neither party has fully briefed the issue of whether the Federal Foreclosure Bar preempted the HOA foreclosure sale, the court declines to reach the merits of the parties limited argument on the issue.

13

IT IS FURTHER ORDERED that Nationstar and Fannie Mae's Motion for Partial Summary Judgment (ECF No. 38) is **DENIED** as *Bourne Valley* is no longer controlling law in this District.

IT IS FURTHER ORDERED that Nationstar and Fannie Mae's Motion for Partial Summary Judgment against Airmotive (ECF No. 53) is **GRANTED**, and Airmotive's motion for partial summary judgment (ECF No. 54) is **DENIED**.

IT IS FURTHER ORDERED that parties are to file an updated joint case management report and a proposed scheduling order within 30 days of the date of this Order.

IT IS SO ORDERED.

DATED this 1st day of May, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE